**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **TEXAS WESTERN** |
| | § | **DISTRICT** |
| | § | **BANKRUPTCY CASE** |
| **MEANDERING BEND, LLC** | § | **NO. 25-11334** |
|     Debtor. | § | |
| | § | |
| **MOKARAM-LATIF WEST LOOP LTD.** | § | **ADVERSARY CASE** |
| **v.** | § | **25-03628** |
| **ALI CHOUDHRI ET AL** | § | |

**STATE COURT RECEIVER TRAVIS VARGO'S**
**MOTION TO REMAND AND ABSTAIN**

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

TO THE HONORABLE JUDGE OF THIS COURT:

Travis Vargo, State Court Receiver, (the "Receiver" or "Movant") files his Motion to Remand and

Abstain (the "Receiver's Motion") and in support thereof shows the Court as follows:

**SUMMARY**

1.     Ali Choudhri ("Choudhri") is the judgment debtor of Mokaram-Latif West Loop, Ltd. and

Osama Abdullatif in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama*

*Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas

(the "A-Case"). This post-judgment case is currently here in federal bankruptcy court because of

the bad-faith removal by Choudhri, the judgment debtor Defendant.  The Court should remand this case under mandatory or discretionary remand because this case is not a core proceeding.

## OBJECTION TO THIS COURT ENTERING JUDGMENT IN NON-CORE PROCEEDINGS.

2.      Movant does not consent to the entry of final orders or judgments in non-core proceedings. *See* Local Rule 9027-2, 9027-3.  As stated below, this Court should abstain from hearing this case per 28 USC 1334(c)(2).

## RELATED BANKRUPTCY CASE

3.      The Receiver has separately moved for relief from the automatic stay in the bankruptcy matter to which this case is attached, which is styled *In re Meandering Bend LLC*, pending in the Western District of Texas under Case No. 25-11334 (the "Meandering Bend Case").  The Debtor, Meandering Bend LLC, is not a party to this adversary.  The motion for relief from stay was filed as ECF 28 in the Meandering Bend Case, and is attached to this motion as Exhibit 1.  The Hon. Shad Robinson lifted the automatic stay on September 4, 2025.  The order has not yet been entered but the Hearing Minutes are attached hereto as Exhibit 2. Further, on September 9, 2025, Judge Robinson converted the Meandering Bend Case to a Chapter 7 proceeding and appointed Randy Osherow as the Chapter 7 Trustee.  True and correct copies of the Order Converting Case [ECF 56] and Notice of Chapter 7 Case [ECF 57] are attached hereto as Exhibit 3 and Exhibit 4 respectively.

## BACKGROUND

4.      Plaintiff / Judgment Creditor Osama Abdullatif already received a judgment in this case against Defendant / Judgment Debtor Choudhri from October 2023 for over three million dollars, plus interest that continues to accrue.  This removed adversary case involves the activities of the

post-judgment Receiver appointed by the state court.  The Receiver was appointed in April 2025 to collect the judgment.  The bankruptcy debtor, Meandering Bend, LLC, is a Texas limited liability company solely owned and controlled by the Judgment Debtor Choudhri.  Meandering Bend LLC is not a party to the underlying judgment that was removed into this adversary case.

5.      Within the post-judgment authority of the Receivership Court, Movant sought to confirm that the order appointing the Receiver granted him control over the Debtor because Ali Choudhri is its sole member.  In an effort to avoid that determination, Choudhri caused the Meandering Bend Case to be filed at the eleventh hour prior to that hearing, and Choudhri removed this case shortly thereafter.

6.      The relevant timeline is as follows:[1]

- **May 9, 2012**
  Original petition filed in state court.  ECF 5-2.
- **October 23, 2023**
  Judgment entered judgment in favor of Osama Abdullatif for $3,32,366.98 plus post-judgment interest.  ECF  5-3 pg. 2.
- **April 1, 2025**
  Original order of turnover signed, appointing Movant as the receiver for Choudhri.  ECF 5-4.
- **April 9, 2025**
  Amended Order of turnover signed.  ECF 5-5.
- **June 24, 2025**
  Receiver files a show-cause motion against Ali Choudhri for his failure to comply with the turnover order.  *See* Exhibit 9.
- **July 30, 2025**
  Movant files a Motion to Confirm Authority Concerning Turnover of Judgment Debtor's Interest in Meandering Bend LLC.  ECF 5-6.  The motion is set for hearing by submission on August 11, 2025.[2]  Exhibit 5 (File stamped notice of submission).

---

[1] In addition to being appointed Receiver in the A-Case, Mr. Vargo has been appointed as the Receiver of Ali Choudhri and Angel Valle in Cause No. 2021-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas (the "D-Case").  The D-Case was removed as associated with In Re: Dalio Holdings I, LLC pending under Case No. 25-11157-smr (the "Dalio Case").  The Dalio Case was dismissed by Judge Robinson on September 4, 2025.  The order of dismissal has not yet been entered but the Hearing Minutes are attached hereto as Exhibit 2.  Both of these cases were removed.  They are now pending in the Southern District of Texas as adversary numbers 25-03628 and 25-03630.

[2] Movant filed substantially similar motions relating to other limited liability companies owned by Choudhri: Galleria West Loop Investment LLC, Memorial Glen Cove LLC, and PBAC 506 Holdings, LLC.  They were set for hearing at the same time and date.

- **August 5, 2025**
  Choudhri causes the Meandering Bend Case to be filed in the Austin Division of the Western District of Texas.  Exhibit 2 (Docket for 25-11334-smr).
- **August 11, 2025**
  Judgment Debtor files a response to Receiver's motion (ECF 5-7), and a document that he alleges constitutes alternative security for supersedeas per Tex. R. Civ. P. 24.1(a)(4) (Exhibit 6).
- **August 13, 2025**
  Show cause hearing held at 9:00 am.  Judgment Debtor files a notice of removal at 8:14 am, less than an hour prior to the hearing.   Exhibit 7, ECF 1 from Adversary # 25-05060, in the Western District of Texas.
- **August 19, 2025**
  Case remanded back to state court by the Western District of Texas.  Exhibit 8, ECF 5 from Adversary #25-05060.
- **August 20, 2025**
  Judgment Debtor files the notice of removal for this matter.  ECF 1.

## APPLICABLE LAW

7.      Removal of bankruptcy-related claims are governed by 28 U.S.C. § 1452(a), which provides that "[a] party may remove any . . . cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

8.      Section 1334(b) grants "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." "[T]he phrases 'arising under' and 'arising in' are helpful indicators of the meaning of core proceedings.  If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference.  If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under section

157(c)(1) it is an 'otherwise related' or non-core proceeding." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987).

9. Section 1334(c) provides for discretionary and mandatory abstention in certain circumstances:

> (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

### THIS IS NOT A CORE MATTER.

10. Choudhri argues that this proceeding "raises core matters under 28 USC § 157(b)(2), including matters concerning the administration of the estate and proceedings affecting the property of the estate." Docket 5 ¶ 10. This Court should decline Choudhri's invitation to treat the claims as core. *In re Westbank Holdings*, 658 B.R. 879, 886 (Bankr. E.D. La. 2024) ("To determine whether a proceeding or claim is core, the Fifth Circuit instructs lower courts to look to the form and the substance of the proceeding. The state-law nature of a claim is not necessarily dispositive on the issue. But the Fifth Circuit cautions against interpreting § 157(b) in a way that would cause the entire range of proceedings under bankruptcy jurisdiction to fall within the scope of core proceedings. Thus, a claim based on state created rights which, had there been no bankruptcy, could have proceeded in state court is likely not core.") (cleaned up), *see also Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under § 157 if it invokes a substantive right provided by title 11 or

if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.")
(quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).

11.     This case is not core because it is only a post-judgment matter seeking collection of a state law claim.  There is not a claim present in this case that "invokes a substantial right provided by title 11" and the proceeding is not one "that, by its nature, could arise only in the context of a bankruptcy case." *Southmark*, 163 F.3d 925, 930 (5th Cir. 1999).

12.     The judgment, the receivership, and the motion to confirm authority over Meandering Bend, LLC should have and actually were proceeding in state court prior to the bankruptcy and removal.  The only relief sought that involves Meandering Bend in any way is the Receiver's motion to confirm the turnover of Choudhri's membership interests, which was removed to this Court's docket at ECF 5-6.  On that slim tangent of a connection to the Meandering Bend Case, Choudhri has removed the entire A-Case into this adversary proceeding.  Thus, the Court now has pending before it a post-judgment collection matters involving strangers to the bankruptcy are collecting a multi-million dollar judgment [ECF 5-2], the Court must now supervise a receiver appointed under state court law [ECF 5-4], pending motions for sanctions (Exhibit 9) motions concerning the turnover of Choudhri's interest in other Choudhri LLC's[3] (e.g. Exhibit 10), and motions concerning Choudhri's facially invalid alternative security for supersedeas (Exhibit 11).  None of these claims are core, and thus the bankruptcy court cannot enter final judgments on any of them as argued below per *Stern*.  Further, none of these matters invoke federal court jurisdiction and therefore cannot be transferred to a federal district court for consideration.

13.     Even the dispute as to the turnover of Choudhri's membership interests in Meandering Bend are not core because they do not meet the test stated in *Wood*.  *Wood v. Wood (In re Wood)*,

---

[3]  As defined in the A-Case Receivership Order

825 F.2d 90, 97 (5th Cir. 1987) ("We hold, therefore, that a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").

**THE COURT MUST ABSTAIN PER § 1334(C)(2) BECAUSE NONE OF THE CLAIMS ARE CORE.**

14.     This court should remand the case back to state court under the mandatory abstention required by § 1334(c)(2).  "[T]he existence of bankruptcy jurisdiction under § 1334(b) is not a mandate for a bankruptcy court to exercise it." *In re Delta Petroleum Corp.*, 2013 WL 3866484, at *3 (Bankr. E.D. Tex. July 24, 2013).

15.     Under 28 U.S.C. § 1334(c)(2), Courts consider the following four-part test : (1) the claims have no independent basis for federal jurisdiction other than § 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; and (4) the action can be timely adjudicated in state court.  *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. 211, 214 (Bankr. S.D. Tex. 2014) (citing *In re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997)).

16.     Here, all four factors are met and this court should mandatorily abstain.  First, there is no basis for federal jurisdiction other than arguably "related to" jurisdiction per § 1334(b).  Second, none of the claims are core as argued above.  Third, an action has already been commenced in state court—this case has been pending since 2012.  Fourth, the action can timely be adjudicated in state court because the issues to be resolved in this case were set for hearing in state court at the time of remand.

17.     The Court is required to abstain from hearing this case.  The Court should remand this case back to the Harris County District Court, Judge Randy Wilson presiding.

**IN THE ALTERNATIVE, THE COURT SHOULD ABSTAIN PER § 1334(C)(1).**

18.     Section 1334(c)(1) allows a bankruptcy court to abstain from hearing claims "in the interest of justice, or in the interest of comity with State courts or respect for state law." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (quoting 28 U.S.C. § 1334(c)(1)).  In determining whether to remand, the courts consider the following factors: "(1) effect or lack thereof on the efficient administration of the estate if the court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) Degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) possibility of prejudice to other parties in the action." *Hous. Baseball Partners LLC v. Comcast Corp. (In re Hous. Reg'l Sports Network, L.P.)*, 514 B.R. 211, 215 (Bankr. S.D. Tex. 2014).

19.     Here, nearly every factor counsels towards abstention and a remand.  As argued elsewhere in this motion, this post-judgment case involving primarily third parties with only state law claims should be remanded back to the Harris County District Court.  Movant would highlight factors 9 (the burden on the bankruptcy court's docket) and 10 (forum shopping).  The burden on this Court would be enormous and Choudhri is plainly forum shopping with the instant removal to escape rulings by the state court.  The Court should remand this case back to the State Court immediately.

**THIS COURT LACKS JURISDICTION TO ADJUDICATE THESE CLAIMS UNDER**

***STERN.***

20.     A bankruptcy court has jurisdiction to adjudicate core claims, i.e. those that arising under or arise in bankruptcy law, but they lack Article III standing to adjudicate non-core claims.  *Stern v. Marshall,* 564 US 462 (2011) (holding that Article III prohibits bankruptcy courts from entering a final judgment on a state common law claim).  The *Stern* court explained that "Congress may not vest in a non-Article III court the power to adjudicate, render final judgment, and issue bindings orders in a traditional contract action arising under state law, without consent of the litigants, and subject only to ordinary appellate review."  *Id.* at 494 (discussing *Northern Pipeline Constr. Co. v, Marathon Pile Line Co.*, 458 US 50 (1982).

21.     This case is not core, and the Debtor is not even a party.  *See Allain v. Exxon Mobil Corp.*, No. 16-437-BAJ-RLB, 2016 U.S. Dist. LEXIS 182432, at *12 (M.D. La. 2016) (finding a state court lawsuit between parties other than the debtor was a non-core proceeding).  If this case proceeds in this bankruptcy court, the court cannot entire final orders.  It would waste vast amounts of judicial resources to require the day-to-day management of a receivership to require review and approval of the District Court.

**REMOVAL WAS IMPROPER**

22.     Fed. R. Bank. P. 9027 requires Choudhri to have filed all process and pleadings from the removed case, and Local Rule 9027 requires the filing of every paper filed into the case.  Both rules require compliance concurrently with the filing of the notice of removal.  Choudhri failed to comply.  The Court should strike the removal with prejudice to refiling.

**ALTERNATIVELY,**

**THIS CASE SHOULD BE REASSIGNED TO JUDGE SHAD ROBINSON, WHO**

**PRESIDES OVER THE MEANDERING BEND CASE.**

23.     If this case is not dismissed, it should be reassigned to Judge Shad Robinson of the Western District of Texas, Austin Division, who presides over the Meandering Bend LLC.  It would promote judicial efficiency to have this adversary heard by the judge hearing the main bankruptcy case it is affiliated with.  The undersigned is informed that Judge Robinson expressed that he would likely remand this case, were it pending before him.

**CONCLUSION**

24.     This removal occurred to frustrate a state court post-judgment receiver proceedings.  There is no bankruptcy jurisdiction, and this Court must abstain from hearing this case.  It should be remanded back to the state court.

**PRAYER**

Wherefore, premises considered, Receiver Travis Vargo respectfully prays that this case be remanded back to the 333rd District Court of Harris County, Texas, and for such other and further relief, in law and in equity, as is just.

Respectfully Submitted,

By:    /s/Travis Vargo
      Travis Vargo
      State Bar No. 24047027
      12012 Wickchester, Suite 670
      Houston, TX 77079
      (713) 524-2441 telephone
      (832) 779-8838 facsimile
      tvargo@vargolawfirm.com

**TURNOVER RECEIVER**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2025, a true and correct copy of the foregoing was served upon the Debtor, Debtor's Counsel, and all parties listed on the attached service list either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

Debtor
5900 Balcones Drive
Suite 100
**Austin, TX 78731**

Justin Rayome
1001 West Loop South, Suite 700
Houston, TX 77027
(214) 934-9345
**Counsel for Debtor, Ali Choudhri**

T. Michael Ballases
ballases@hooverslovacek.com
**Counsel for Mokaram-Latif West Loop Ltd.**

By:    /s/Michael Poynter
          Michael Poynter